UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

SHARON LOUISE GLASSBROOK,            Case No. 12-30133-dof
                                                      Chapter 13 Proceeding
       Debtor.                                        Hon. Daniel S. Opperman
_____/
SHARON LOUISE GLASSBROOK,

       Plaintiff,

v.                                                                     Adversary Proceeding
                                                                    Case No. 12-3031-dof
ROSE ACCEPTANCE, INC.
and FIRST NATIONAL BANK OF AMERICA,

       Defendants.
_____/

<u>Opinion Regarding Defendants' Motion for Abstention</u>

<u>Introduction</u>

       The Plaintiff, Sharon Glassbrook, filed this adversary proceeding seeking to challenge the validity of a foreclosure sale regarding the Plaintiff's house located at 2209 Sollman Street, Attica, Michigan. Defendants, Rose Acceptance, Inc. and First National Bank of America, filed a Motion for Abstention arguing that this Court should abstain either under 28 U.S.C. § 1334(c)(2) as a mandatory abstention or 28 U.S.C. § 1334(c)(1) as a permissive abstention. For the reasons stated in this Opinion, the Court abstains under the permissive standard pursuant to 28 U.S.C. § 1334(c)(1).

<u>Facts</u>

       The Plaintiff owned a home in Attica, Michigan, and granted Defendant, First National Bank of America, a mortgage on her home. As developed in this case, the Plaintiff fell behind in her

1

payments to First National Bank, and First National Bank initiated foreclosure of that mortgage, first as a judicial foreclosure and subsequently as a foreclosure by advertisement.

Plaintiff claims that there are significant procedural irregularities in the manner in which the Defendants have conducted the foreclosure process here. In particular, Plaintiff claims to have been confused by the initial judicial foreclosure proceeding that was ultimately dismissed so as to allow the Plaintiff an opportunity to cure her defaults. Failing the curing of the defaults, Defendant, First National Bank, initiated the foreclosure by advertisement process and the foreclosure sale was conducted on July 27, 2011. Defendant, Rose Acceptance, was the highest bidder at this foreclosure sale, bidding the full amount owed by the Plaintiff to Defendant, First National Bank.

The Plaintiff filed a Petition seeking relief under Chapter 13 with this Court on January 12, 2012, approximately 15 days before the redemption period when the mortgage foreclosure sale was set to expire, that is January 27, 2012. Defendant timely responded to Plaintiff's Complaint and brought the instant Motion after the expiration of the redemption period.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50.

## Applicable Statute

11 U.S.C. § 1334(c)(1) and (2) govern.

Section 1334(c)(1) provides for permissive abstention, stating:

> (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect from State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

2

Section 1334(c)(2) provides for mandatory abstention, stating:

> (c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Analysis

At the April 18, 2012, hearing, counsel for Defendants conceded that there was no pending action, thus making mandatory abstention inapplicable to this case. Accordingly, the Court analyzes this case as a matter of permissive abstention only.

In considering permissive abstention, the Court must consider a number of factors: (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors. *In re Tremaine*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *In re Underwood*, 299 B.R. 471 (Bankr S.D. Ohio 2003).

Applying these factors to the instant case, there will be a certain inefficiency in regard to the bankruptcy case if this Court abstains from hearing Plaintiff's adversary proceeding. In this case, however, the Court has already confirmed the Debtor's Chapter 13 Plan with payments being made by the Debtor to the Chapter 13 Trustee for the benefit of the Defendants. For purposes of administration, therefore, the Plaintiff's Chapter 13 Plan can and should continue pending the determination of the issues raised in her adversary proceeding. This factor, therefore, is at best neutral.

As to the second factor, state law clearly predominates over the bankruptcy issues this case. In particular, the challenges made by the Plaintiff to the foreclosure sale are all based on state law with little, if any, bankruptcy implications. This factor weighs strongly in favor of abstention.

Analyzing the third factor, while the Court does not perceive the facts in the case to be difficult, the Court does note that there have been significant and substantial changes in the State of Michigan foreclosure statutes in the last few years. In other related matters, the Court notes that trial courts, the Michigan Court of Appeals, and the Michigan Supreme Court have differed as to the reading of various foreclosure statutes and the implications of those statutes. While this Court is confident that it could resolve the matters before it in this adversary proceeding as a matter of state law, there is a certain uncertainty here that is better deferred to a state court and the state court process. This element weighs slightly in favor of the Court abstaining.

Reviewing the fourth issue, there is presently no pending state court or other non-bankruptcy court proceeding. That being said, if this Court were to abstain, Plaintiff would have the right to raise the exact same issues raised in this adversary proceeding in a circuit court action as a plaintiff or, could raise the exact same issues as a defense in the anticipated eviction action that Defendant,

Rose Acceptance, will undoubtedly file if this Court were to abstain. In this regard, the Court notes that there are methods for these issues to be resolved in state court quickly.

Turning to the fifth element, the jurisdictional basis other than 28 U.S.C. § 1334, this Court has no jurisdiction other than that statute. This factor again weighs in favor of permissive abstention.

The sixth, seventh, and eighth factors require the Court to analyze Plaintiff's entire action to determine if certain parts of the adversary proceeding are so related to the main bankruptcy case and consider if that relationship dictates that the Court retain the adversary proceeding, abstain, or partially abstain. Here the impact of an adverse decision, from the Plaintiff's standpoint on the Plaintiff's Plan, is clearly apparent, but the connection of the state law issues raised in this adversary proceeding are not. Further, there are no state law claims to sever from the core bankruptcy issues in this adversary proceeding because, as near as this Court can tell after analyzing this case, the entire adversary proceeding is based upon Michigan law. These factors again weigh in favor of the permissive abstention.

As to the ninth factor, the burden of this Court's docket, the Court notes that current filings have reduced in the last year, so the burden of this adversary proceeding on this Court's docket is minimal, at best. This factor weighs in favor of the Court retaining this action.

Turning to the possibility or likelihood that the parties have engaged in forum shopping by selecting this Court, the Court sees no evidence weighing in favor of either the Plaintiff or the Defendants. This factor is neutral.

Likewise, factors (11) and (13), the right of a jury trial and any unusual or significant factors, are at best neutral.

Finally, the Court notes that this proceeding involves two nondebtor Defendants, which weighs very slightly in favor of the Court abstaining.

Analyzing all of the factors together, the Court is struck by the overriding and strong state law influence in this case. While the Court concedes that there may be some implication for the extension of the redemption period under *In re Glenn*, 760 F.2d 1428 (6th Cir. 1985), the Plaintiff in this action seeks more than just the extension of the redemption period. Instead, the Plaintiff seeks the voiding of a foreclosure sale. The overriding state law influences in this case dictate that the Court abstain, subject to either of the Defendants initiating an appropriate state court action within 28 days of this Court's Opinion. Regardless, Plaintiff has the unfettered right to initiate a circuit court action if deemed appropriate.

For these reasons, the Court denies Defendants' request to mandatorily abstain, but grants Defendants' request as a permissive abstention under 28 U.S.C. § 1334(c)(1), conditioned upon the Defendants filing the appropriate state court action within 28 days of this Opinion.

Counsel for Defendants is directed to prepare an Order consistent with this Opinion and procure the approval of counsel for Plaintiff or comply with the notice of presentment procedures of this Court.

**Signed on May 04, 2012**

                                               **/s/ Daniel S. Opperman**
                                     **Daniel S. Opperman**
                                     **United States Bankruptcy Judge**